Michael Delikat
James H. McQuade
Lauren Kahn
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Defendant Wyeth Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANA A. SMITH,

Plaintiff,

v.

WYETH PHARMACEUTICALS, INC.,

Defendant.

07-CV-7843 (SCR)

**ANSWER**

Defendant Wyeth Pharmaceuticals, Inc. ("Defendant" or "Wyeth"), by its undersigned attorneys, hereby answers the numbered paragraphs of the Complaint (the "Complaint") filed by Plaintiff Dana A. Smith ("Smith") and asserts other defenses, as follows:

1. Defendant denies the allegations in the first sentence of paragraph 1 because Defendant cannot adequately respond to the allegations, as the term "upper management" is too vague. Defendant denies the remaining allegations in paragraph 1.

2. Defendant admits that Smith purports to assert claims for alleged violations of 42 U.S.C. § 1981 and New York State Executive Law § 290 *et seq*. and that Smith seeks to recover damages in this action, but Defendant denies all violations, any liability, and all damages under such claims. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 2.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Paragraph 7 sets forth no allegations that require a response from Defendant, but to the extent a response is deemed required, Defendant denies the allegations in paragraph 7.

8. Defendant admits that Smith is a male. Defendant denies that Smith is 34 years old. Except as expressly admitted or denied, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9. Defendant admits that Smith commenced employment with Wyeth in 1989 and that Smith held the position of Pharmaceutical Operator. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 9.

10. Defendant admits that Robert Bracco has been named as a defendant in another lawsuit in which the plaintiff alleges discrimination. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 15. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Defendant admits that Smith was chosen for a temporary assignment as Temporary Trainer, and that, in this position, Smith was responsible for training Wyeth employees with respect to the different aspects of operations and maintenance within the Wyeth manufacturing facility located in Pearl River, New York. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits that Smith was on a medical leave of absence from October 2003 through March 2004. Except as expressly admitted, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 20.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21. Defendant denies the remaining allegations in paragraph 21.

22. Defendant admits that Wardrop has been named as a defendant in two other lawsuits in which the plaintiffs have alleged discrimination. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits that Smith returned to work in March 2004. Except as

expressly admitted, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. Defendant admits that Smith earned overtime pay during his employment with Wyeth and that Temporary Trainers trained employees on all shifts. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant admits that Smith applied for another position within Wyeth in or around January 2005. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant admits that Gregory Rumpf received an email from Vonda Hill on January 15, 2005, and that Gregory Rumpf forwarded that email to Smith on January 17, 2005 with the message "fyi, why people don't talk to you is beyond me." Except as expressly admitted, Defendant denies the remaining allegations in paragraph 32.

33. Defendant denies the allegations in the first sentence of paragraph 33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the first and second sentences of paragraph 34. Defendant denies the remaining

allegations in paragraph 34.

35. Defendant admits that Elizabeth Marchese was Smith's supervisor for a period of time, that Jeremy Gloth was a supervisor in the Vaccines Department, and that Smith never directly reported to Jeremy Gloth. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 35.

36. Defendant admits the allegations in paragraph 36.

37. Defendant admits that during the Vaccines Department shutdown in 2006, employees in the Vaccines Department were "loaned" to other departments. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 37.

38. Defendant admits that Smith was one of the employees who was assigned to work in another department. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 38.

39. Defendant admits that Smith earned overtime pay during his employment with Wyeth. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant admits that Smith met with Jeremy Gloth, and that Jeremy Gloth showed Smith some of his computer records. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 43.

44. Defendant denies the allegation in the first line of paragraph 44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant admits that Jim Rowan spoke with Smith during his employment with Wyeth about working overtime. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 54.

55. Defendant admits that Jim Rowan spoke with Smith during his employment with Wyeth about working overtime. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant admits that Elizabeth Marchese did not approve payment of two hours of Smith's overtime in March 2007 because it had not been authorized. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies that Smith is entitled to any of the relief requested in the WHEREFORE clause.

## ADDITIONAL DEFENSES

### First Defense

Smith fails to state a claim upon which relief can be granted.

### Second Defense

Some or all of Smith's claims are barred by the applicable statute(s) of limitations.

### Third Defense

Some or all of Smith's claims are barred by the doctrines of waiver and laches.

### Fourth Defense

Smith is barred from any recovery because Wyeth had in place policies, procedures and other measures that reasonably should have prevented and/or corrected the discrimination that he alleges occurred, and Smith unreasonably failed to invoke those measures in a timely manner.

### Fifth Defense

Smith is barred from any recovery because Wyeth took prompt and appropriate corrective action in response to any complaints of discrimination or retaliation made by Smith.

### Sixth Defense

All of Smith's claims must fail because the employment decisions at issue were made for legitimate, non-discriminatory reasons.

### Seventh Defense

Any act or omission that Smith complains of was taken in good faith.

### Eighth Defense

Smith may not recover punitive damages because at the time of the alleged acts or

omissions giving rise to his claim for punitive damages, Wyeth had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with the applicable law.

**Ninth Defense**

Some or all of Smith's claims are barred by his failure to mitigate his damages, if any.

**Tenth Defense**

Defendant reserves the right to assert additional affirmative defenses upon the discovery of facts not presently known.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court dismiss this action in its entirety with prejudice, award Defendant its costs and fees, and award such other relief as it deems just and proper.

DATED: New York, New York
October 5, 2007

Respectfully submitted,

[signature]

ORRICK, HERRINGTON & SUTCLIFFE LLP
Michael Delikat
James H. McQuade
Lauren Kahn
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Defendant Wyeth Pharmaceuticals, Inc.